Nash, C. J.
 

 There is no error in the charge of his Honor. The case turns upon the evidence of Mr. Davidson. The defendant was his son-in-law, and the premises in question liad been conveyed to him by Mr. Davidson for a valuable consideration as expressed in the conveyance. The plaintiff alleges that no valuable consideration was paid by the defendant, and that the deed was voluntary and void as to the creditors of Mr. Davidson, and that he was one. Mr. Davids'on was introduced as a witness, and upon his examination in chief, stated that the conveyance was voluntary, and intended as an advancement of his daughter, Mrs. Caldwell. Ilis attention was called to a deposition given by him in a former suit, where the same question arose, in which he had stated that there was a valuable consideration for the conveyance. lie
 
 *154
 
 replied that it was so; that there was a valuable consideration ; that lie was younger then than be was now, and the transaction fresher in his memory. That when he made the conveyance he was much involved in debt, but reserved property enough to discharge them all, and, at the time, told the defendant that he would get nothing by the deed unless all the debts he then owed were paid, and that they were all payed ; that since then he had incurred heavy debts, and was unable to pay them all. In stating the consideration for the conveyance to the defendant, he stated that the defendant owned one-fourth of the tract of land in Maury County, in the State of Tennessee, and that interest, conveyed to him, was the consideration. lie further stated that the land in Maury County had been devised by Thomas Davidson to Mary L. Davidson, his daughter, who having died without issue, he considered himself the heir, took possession of it, and sold it for $11,000. The purchasers would not pay the money until he procured his children to join in the deed, which they did, the wife of the defendant being one of them, and that $1400 was the portion of each. Hpon this part of the case, his Honor instructed the jury, that where a parent, greatly embarrassed with debt, which embarrassment resulted in insolvency, makes a conveyance of any part of his property to a child, it devolved upon the child to show that he gave a fair price for the property' — actually paid in money, or money’s worth; and in this case, if they believed that Vm. Davidson’s embarrassment, in 1833, resulted in insolvency, they should return a verdict for the plaintiff, unless they were satisfied from the testimony that the defendant paid a fair price for the land in controversy. That they should determine whether the conveyance of the land in Tennessee entered into the consideration of the deed from Vm. Davidson, and, if so, whether it was a fair compensation for the lands conveyed.
 

 ¥e think the plaintiff has no cause to complain of this charge, and the jury were justified in the verdict they ren
 
 *155
 
 dered; for Mr. Davidson swore 'that the lands in Tennessee had greatly risen in value since he sold them.
 

 We express no opinion upon the part of the charge in which his Honor decided, that the lessor of the plaintiff was a creditor of ¥m. Davidson at the time of the conveyance to the defendant. If there is error in it, it was in favor of the plaintiff, the appellant. The charge embraced substantially all the grounds upon which the Court were requested to instruct the jury.
 

 Pee CueiaM. • • Judgment affirmed.